IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-50-BO

| | | |
|---|---|---|
| PAMELA D. PITTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' Motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff argues that the administrative law judge ("ALJ") improperly failed to consider Listing 12.07 (somatoform disorder), that the ALJ failed to properly credit her subjective complaints of disabling pain, and that the residual functional capacity ("RFC") determination was not supported by substantial evidence. Defendant argues that the ALJ's decision is supported by substantial evidence. For the reasons stated below, Plaintiff's motion is GRANTED and this case is REMANDED for further proceedings consistent with this opinion.

I. SUMMARY OF THE INSTANT DISPUTE

Plaintiff applied for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI") on January 23, 2004. The application was denied both initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, which was held on February 27,

2007. The ALJ issued an unfavorable decision and Plaintiff filed a request for review with the Appeals Council, which was denied.

Plaintiff filed a Complaint with this Court on April 8, 2008. On September 8, 2008, Plaintiff filed a Motion for Judgment on the Pleadings. On November 5, 2008, Defendant filed a Motion for Judgment on the Pleadings. A hearing was held before the undersigned in Raleigh, North Carolina, on February 11, 2009. These motions are now ripe for ruling.

II. DISCUSSION

This case is REMANDED back for further proceedings consistent with this opinion because Plaintiff's non-exertional limitations were not adequately addressed by the ALJ's hypothetical and because the ALJ's discount of Plaintiff's credibility is not supported by substantial evidence. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard.

First, Plaintiff's non-exertional limitations were not adequately addressed by the ALJ's hypothetical to the vocational expert ("VE"). Plaintiff suffers from anxiety and severe, recurrent depression and exhibits symptoms indicative of somatoform disorder. Somatoform disorder is characterized by "physical symptoms for which there are no demonstrable organic findings or known phsiological mechanisms." Listing 12.07. Plaintiff visits her doctor and the hospital regularly, is preoccupied with her health conditions, and frequently tests normal for various ailments she is convinced she suffers from.

-2-

The ALJ's hypothetical to the VE failed to adequately address these non-exertional limitations. In response to the ALJ's hypothetical, the VE testified that various jobs existed for Plaintiff in adequate numbers in the economy. When Plaintiff's attorney expanded the hypothetical to include Plaintiff's non-exertional limitations, however, the VE testified that Plaintiff would be unable to perform those jobs. Thus, the ALJ erred in failing to properly consider Plaintiff's non-exertional limitations in his hypothetical to the VE.

Second, the ALJ's discount of Plaintiff's subjective complaints of disabling pain is not supported by substantial evidence. "[S]ubjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996). Plaintiff suffers from osteoarthritis, degenerative disc disease, chest pain, tachycardia, arythmia, symptomatic reflux disease with hiatal hernia, anxiety, and severe, recurrent depression, in addition to presenting symptoms of somatoform disorder. The ALJ determined that Plaintiff's ailments could reasonably be expected to cause the symptoms she experienced, but failed, as above, to adequately take into account the effect of Plaintiff's psychological symptoms in determining that Plaintiff's ailments could not be expected to produce the symptoms at the intensity with which Plaintiff experienced them.

III. CONCLUSION

Therefore, because the ALJ failed to adequately address Plaintiff's non-exertional limitations and because the ALJ's credibility determination of Plaintiff's complaints is not supported by substantial evidence, Plaintiff's motion is GRANTED and this case is

REMANDED for further proceedings consistent with this opinion.

SO ORDERED, this __18__ day of February 2009.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-4-